NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID J. DOBY,

        Plaintiff,

v.

MIDDLESEX COUNTY ADULT
CORRECTIONAL CENTER *et al.*,

        Defendants.

Civ. No. 21-17615

OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Application to Proceed *in forma pauperis* filed by Plaintiff David J. Doby ("Plaintiff"). (ECF No. 4.) For the reasons stated herein, Plaintiff's Application to Proceed *in forma pauperis* is granted, the Complaint (ECF No. 1) is dismissed in part, and the remaining claims shall proceed at this time.

## BACKGROUND

The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. Plaintiff is an inmate at Northern State Prison. (*See* Am. Pet. at 12, ECF No. 4.) Plaintiff states that on September 5, 2020, correctional officers at the Middlesex County Adult Correction Center ("MCACC") physically assaulted Plaintiff. (Compl. Ex. at 6A, ECF No. 1-3.)[1] Specifically, Plaintiff alleges that he was in "Cell # 22 of the C Pod" around 9:00 am with Officer Babulak and Officer Lasala ("the Officers") and "other officers who [he] didn't see their name tag. . . ." (*Id.*) He contends that he was ordered to put each hand on the window

---

[1] For the purposes of the Complaint Exhibit, the page numbers to which the Court refers are handwritten in the top right corner of each page.

1

and to take off his shirt. (*Id*.) After Plaintiff removed his shirt, he alleges that "the Officers imm[e]diately start[ed] beating [him] up from behind, throwing punches to [his] head, [his] face, [his] ribs, and [his] back." (*Id*.) As the beating unfolded, Plaintiff states that, "Serg[e]ant Wilson watched" and "just stood there laughing." (*Id*. at 4F, 6A.)

Plaintiff alleges that he received: a "[s]plit & blackened left side of [his] face," "[a] left Black eye," "[a] blackened right side of [his] face," "[a] right black eye," a "[b]ig lump behind each ear," and "5 lumps on [his] head." (*Id.* at 6A.) Additionally, the beating "[b]ruised the right side of [his] ribs," and resulted in "mu[l]tiple bruises throughout [his] body." (*Id*.) Plaintiff further states, "[a]fter they threw me on the ground and handcuffed me," he was brought to "Medical," where two nurses "cleared [him] medically," and an officer whose name he does not know photographed his face. (*Id*. at 6B.) A "Lt. Kouppadelis" then approached Plaintiff and asked why Plaintiff resisted officers. (*Id*.) Plaintiff denied resisting and Lieutenant Kouppadelis responded that video evidence showed Plaintiff resisting. (*Id*.) Plaintiff then states he was put in "High Vis" where he was denied soap to wash the his hands and face "after [he] was just beat up." (*Id*. at 6B–6C.)

Plaintiff's complaint, dated June 17, 2020, names MCACC, Officer Babulak, Officer Lasala, Seargent Wilson, and "Lieutenant Kou[p]padelis" as defendants. (Compl. Ex. at 4E–4G). He continues to deny resisting, and states that even "if there is such video footage, you will directly see [he] obeyed every order and [] was beat up for no reason at all." (*Id*. at 6B) Plaintiff's complaint alleges that "all the officers, along with the medical staff, where [*sic*] in cahoots with the situation." (*Id*.) Specifically, he claims the officers violated a policy of bringing defendants with mental health issues to "High Vis" after an infraction and "literally brought [him] to C Pod and put [him] in Cell # 22 to beat [his] ass." (*Id*. at 6C).

2

On September 27, 2021, the Court received the Complaint and Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1-1). The Court denied Plaintiff's application and granted leave to file an amended application that satisfies the requirements of 28 U.S.C. § 1915. (Order at 1, ECF No. 3).  Plaintiff filed an amended application on October 21, 2021. (ECF No. 4).

## LEGAL STANDARD

I.  **Application to Proceed *in Forma Pauperis***

To be eligible to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an application to proceed *in forma pauperis*, including an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). A prisoner bringing an action *in forma pauperis* must submit an affidavit "that includes a statement of all assets such prisoner possesses." 28 U.S.C. § 1915(a)(1). A prisoner must also submit a certified copy of his or her inmate trust fund account statement for the six-month period preceding the filing of the complaint. *Id.* § 1915(a)(2).

Under § 1915, a complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. *See* § 1915(e)(2)(B). A court reviewing an *in forma pauperis* application "has the authority to dismiss a case 'at any time,' . . . regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an [*in forma pauperis*] application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019); *see also id.* at 659 (explaining that the Prisoner Litigation Reform Act altered the two-step framework under § 1915 described in *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for

3

dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

**II.     Failure to State a Claim**

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Third, the court must determine whether the well-pleaded facts "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679); *see also Fowler*, 578 F.3d at 211. A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## DISCUSSION

**I.      Petition to Proceed *in Forma Pauperis***

Plaintiff's Amended Petition to Proceed *in forma pauperis* is sufficient under § 1915(a). Plaintiff's Amended Petition contains (1) an affidavit of poverty and (2) a certified copy of his inmate trust fund account for the six months immediately preceding the filing of the Application. (*See* Am. Pet. at 1–9.) Plaintiff states that he has no sources of income. (*Id*.) Apart from one pandemic-related stimulus check from the government, Plaintiff's balance has been at or below $400 over the past twelve months. Considering these circumstances, the Court grants Plaintiff's Amended Petition to Proceed *in forma pauperis*.

**II.     Screening of Complaint**

Plaintiff brings his suit under 42 U.S.C. § 1983. (Compl. at 2, ECF No. 1-1) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *George*, 641 F.3d at 563.

      A.    *Claims Against MCACC*

At the outset, the Court notes that Plaintiff names the MCACC as a defendant. However, MCACC is not an entity cognizable as a "person" for the purposes of a § 1983 suit. *See Will v.*

*Michigan Dept. of State Police*, 491 U.S. 58 (1989); *Parrish v. Ocean County Jail*, 2013 WL 104176 (D.N.J. Jan. 8, 2013) Therefore, Plaintiff's claims against MCACC are dismissed with prejudice.

      B.     *Excessive Force Claims Against Officers Babulak and Lasala*

By contrast, Plaintiff's Eighth Amendment claims against Officers Babulak and Lasala in their individual capacities may proceed at this time. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 69–71 (1989); *Ex Parte Young*, 209 U.S. 123, 159–160 (1908). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). Plaintiff states that Officers Babulak and Lasala "violated [his] rights by beating [him] up" in an unprovoked attack from behind, causing "bodily harm," and fracturing Plaintiff's ribs. (Compl. Ex. at 4E–4F.) Accepting Plaintiff's allegations as true for the purpose of screening the Complaint, this Court finds that the excessive force claims against Officers Babulak and Lasala can proceed at this time.

      C.     *Failure to Intervene Claim Against Sergeant Wilson*

Similarly, the claims against Sergeant Wilson in his individual capacity can proceed at this time. "[A] corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002). Here, Plaintiff alleges that Sergeant Wilson "just stood there laughing as [the Plaintiff] was screaming and getting beat up to no understanding." (Compl. Ex. at 4F.).

Accepting Plaintiff's allegations as true for the purpose of screening the Complaint, this Court finds that the Eighth Amendment claim against Sergeant Wilson can proceed at this time.

      D.      *False Reporting Claims Against Lieutenant Kouppadelis and Officer Babulak*

To the extent that Plaintiff is attempting to bring claims against Lieutenant Kouppadelis and Officer Babulak for "writing up a false disciplinary charge" and "straigh [*sic*] out lying," (*Id.* at 4E–4G), those claims are also dismissed. A prisoner has "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Hart v. City of Philadelphia*, 779 Fed. Appx. 121, 126 (3d Cir. 2019) (quoting *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). Plaintiff does not allege that he was denied procedural due process in the disciplinary proceedings, or an opportunity to rebut these false reports. *See Smith v. Mensinger*, 293 F.3d 641, 653–54 (3d Cir. 2002) (noting that "due process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly falsified evidence and groundless misconduct reports") Therefore, Plaintiff's claims against Officer Babulak and Lieutenant Kouppadelis for writing a false disciplinary report are dismissed, without prejudice, for failure to state a claim.

      E.      *Supervisory Liability Claims Against Lieutenant Kouppadelis*

Finally, the claims against Lieutenant Kouppadelis for "allowing these officers to cause physical harm to people" are dismissed. (Compl. Ex. at 4G.) Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) In other words, a plaintiff must plead that "each Government-official defendant, through the official's own actions, has violated the Constitution." *Id*. Here, Plaintiff does not allege that Lieutenant Kouppadelis partipated in the Officers' use of excessive force against him. Nor does he allege that Lieutenant Kouppadelis was

7

present during incident or had any knowledge that the incident was going to occur. Thus, the claims against Lieutenant Kouppadelis are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Application to Proceed *In Forma Pauperis* (ECF No. 4) is granted, and the Complaint (ECF No. 1) is dismissed in part as to Defendants MCACC and Kouppadelis. An appropriate Order will follow.

Date: October 27, 2021                         */s/ Anne E. Thompson*
                                                      ANNE E. THOMPSON, U.S.D.J.